**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4953
Fax (410) 962-2985

September 4, 2015

LETTER TO COUNSEL

      RE:    *Andre Leo Savoy v. Commissioner, Social Security Administration*;
              Civil No. JMC-14-1272

Dear Counsel:

      On April 15, 2014, Plaintiff Andre Leo Savoy petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). The Court has considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 19). The Court has also considered the Commissioner's supplemental brief in support of her motion and Mr. Savoy's response thereto.[1] (ECF Nos. 21, 22). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). The Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, the Court will deny both parties' motions, reverse in part the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g), and remand the case to the Commissioner for further consideration.

      Mr. Savoy filed claims for Disability Insurance Benefits and Supplemental Security Income on January 3, 2011. (Tr. 158-71). He alleged a disability onset date of November 14, 2010. (Tr. 158, 164). His claims were denied initially and on reconsideration. (Tr. 110-17). A hearing was held on September 10, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 34-70). Following the hearing, the ALJ determined that Mr. Savoy was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 15-33). The Appeals Council denied Mr. Savoy's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Mr. Savoy suffered from the severe impairments of chronic pulmonary insufficiency (COPD), obesity, osteoarthritis and allied disorders, and hearing loss. (Tr. 20). Despite these impairments, the ALJ determined that Mr. Savoy retained the residual functional capacity ("RFC") to:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following nonexertional limitations. The claimant must have a sit/stand option,

---

[1] Pursuant to this Court's May 15, 2015, Order, the Commissioner was permitted to file supplemental briefing addressing an apparent issue that arose as a result of the Fourth Circuit's March 18, 2015, opinion in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). (ECF No. 20).

*Andre Leo Savoy v. Commissioner, Social Security Administration*
Civil No. JMC-14-1272
September 4, 2015
Page 2

> such that he sits for no more than fifteen to twenty minutes before alternating for standing for no more than fifteen to twenty minutes. The claimant must avoid moderate exposure to environmental pollutants and temperature extremes. Further, the claimant's work environment should exclude extreme noise. Finally, due to educational background, pain, and the side effects of medication, the claimant would be limited to performing simple instructions and may be off-task up to 5% of the workday.

(Tr. 22). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Savoy could perform jobs existing in significant numbers in the national economy and that therefore he was not disabled. (Tr. 28-29).

Mr. Savoy raises two primary arguments on appeal: (1) that the ALJ erred in considering Listing 3.02, which governs pulmonary insufficiency, at step three of the sequential evaluation; and (2) that the ALJ erred in evaluating the medical opinion evidence. The Court has also considered Mr. Savoy's case under the dictates of *Mascio v. Colvin*, a social security appeal that was decided while Mr. Savoy's case was pending before this Court. The Court is not persuaded by Mr. Savoy's first argument. However, because the ALJ offered insufficient evidence in support of both his evaluation of the medical evidence and his assessment of Mr. Savoy's credibility, remand is necessary.

In dispensing with Mr. Savoy's first argument regarding the ALJ's sequential evaluation, the Court notes that at step three of that evaluation, the ALJ must compare a claimant's impairments with the Listing of Impairments to determine whether the claimant's impairments are severe enough to warrant a presumption of disability. *Bryant v. Colvin*, 573 F. App'x 186, 188 (4th Cir. 2014); 20 C.F.R. §§ 404.1520(d) 416.920(d); 20 C.F.R. Pt. 404, Subpt. P, App. 1. In this case, the ALJ evaluated Listing 3.02, which pertains to chronic pulmonary insufficiency. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 3.02. The ALJ determined that Mr. Savoy's respiratory impairment did not meet or equal Listing 3.02 in part "because the record is devoid of facts which indicate that the claimant has FEV values equal to or less than 1.65."[2] Mr. Savoy argues that the ALJ's rationale was erroneous because pulmonary function testing from November 2010 indicated $FEV_1$ values of 1.58 and 1.36, and because pulmonary function testing from January 2011 indicated $FEV_1$ values of 1.54 and 1.26, in satisfaction of Listing 3.02A. (Tr. 466-67). However, Mr. Savoy's argument ignores the introductory language to Listing 3.02, which explains that "[t]he highest values of the $FEV_1$ and FVC, whether from the same or different tracings, should be used to assess the severity of the respiratory impairment." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 3.00(E). Mr. Savoy's highest $FEV_1$ values from the November 2010 and January 2011 pulmonary function testing were 1.96 and 2.04, respectively. (Tr. 466-67). Accordingly, the ALJ did not err by stating that the record is void of evidence that Mr. Savoy has $FEV_1$ values equal to or less than 1.65.

---

[2] At 73 inches tall, to satisfy Listing 3.02A, Mr. Savoy needed to demonstrate $FEV_1$ values of 1.65 or less. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 3.02(A).

Mr. Savoy also claims that the ALJ also did not adequately consider the effect of his obesity in determining whether he met or equaled Listing 3.02. However, the Court agrees with the Commissioner that, because Listing 3.02 considers only the results of objective testing, and because Mr. Savoy was obese when that testing was conducted, the testing adequately accounted for any increased workload his additional body mass placed on his respiratory system. *See* SSR 02-1p, 2002 WL 34686281 (Sept. 12, 2002). Moreover, Mr. Savoy has not identified any evidence indicating that his obesity impacted his pulmonary functioning beyond what was shown in the pulmonary function testing. Finally, Social Security Ruling 02-1p, which governs the evaluation of obesity, does not "mandate a particular mode of analysis. It only states obesity, in combination with other impairments, 'may' increase the severity of other limitations. It is a mischaracterization to suggest that Social Security Rule 02-1p offers any particular procedural mode of analysis for obese disability claimants." *Bledsoe v. Barnhart*, 165 Fed. App'x 408, 411-12 (6th Cir. 2006). Thus, the ALJ did not err by declining to explicitly discuss Mr. Savoy's obesity within his evaluation of Listing 3.02.

Next, Mr. Savoy contends that the ALJ erred in discounting the medical opinions of Dr. Mathur, his treating physician. The Court agrees. The Fourth Circuit set forth parameters for evaluating medical opinions of treating physicians in *Craig*, 76 F.3d at 590, which were later refined by amendments to 20 C.F.R. §§ 404.1527 and 416.927. *See Pitman v. Massanari*, 141 F. Supp. 2d 601, 608 (W.D.N.C. 2001). When a medical opinion is from a "treating source," it is given controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If a treating source's medical opinion is not assigned controlling weight, however, in determining the weight to give the opinion, the ALJ should consider: (1) the length of the treatment relationship and its nature and extent; (2) the supportability of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the source is a specialist; and (5) any other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c). In this case, the ALJ determined that Dr. Mathur's opinions were not entitled to controlling weight because they "appear to be purely conclusory in nature and lacking a basis in evidence in the treatment record and, further, are outside not only Dr. Mathur's practice area of internal medicine, but beyond any of the objective testing the claimant underwent while under Dr. Mathur's care." (Tr. 24). The ALJ further explained that "it is unclear, throughout the treating and examining source medical evidence of record as to whether Dr. Mathur is offering his own professional medical opinion, or is merely restating the subjective complaint of the claimant." *Id.* Finally, the ALJ noted inconsistences "when comparing treatment report and progress notes with medical opinion evidence." *Id.*

Although the ALJ's evaluation of Dr. Mathur's opinion appears to consider several of the factors set forth in 20 C.F.R. §§ 404.1527(c) and 416.927(c), the ALJ's evaluation is severely undermined by his cursory review of the evidence. For example, a meaningful summary of the "other compelling evidence of record" that the ALJ found to be "so in disconcert" with Dr. Mathur's opinions is missing from the ALJ's opinion. One of the only pieces of evidence that the ALJ did summarize was Dr. Mathur's sensory conduction study, and his summary of that study

is particularly troubling. Specifically, the study included four "findings suggesting pathology," but in his summary, the ALJ described only three of the findings—two "mild" findings and one "marked" finding—omitting the fourth finding, which was "very severe." *Compare* (Tr. 24) *with* (Tr. 422). Thus, one of the only pieces of evidence supporting the ALJ's evaluation of Dr. Mathur's opinions was inaccurately portrayed, and the Court is otherwise unable to ascertain why the ALJ found Dr. Mathur's opinions so at-odds with the evidence of record. Both the ALJ's inaccurate portrayal of the medical evidence and the lack of support for the ALJ's evaluation of Dr. Mathur's opinion warrant remand. In light of these bases for remand, the Court need not determine whether, standing alone, the ALJ's statements concerning physicians who may express opinions "in an effort to assist a patient with whom [they] sympathize[]," would merit remand. However, the Court counsels that, absent some specific evidence indicating that a physician was so motivated, that consideration is inappropriate in evaluating medical opinion evidence.

Finally, as noted above, the ALJ's opinion included the boilerplate credibility language that the Fourth Circuit found problematic in *Mascio v. Colvin*. *See* (Tr. 26). In *Mascio*, the Fourth Circuit explained that the reference in the ALJ's credibility determination to the ALJ's RFC assessment improperly implies "that ability to work is determined first and is then used to determine the claimant's credibility." *Mascio*, 780 F.3d at 639 (citing *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012)). Although the Fourth Circuit indicated that use of the problematic boilerplate would be harmless if the ALJ had properly analyzed credibility elsewhere, the ALJ failed to do so in this case. The only reason offered by the ALJ for discounting Mr. Savoy's credibility was the "seeming lack of full frankness on the part of the claimant in his self-reporting." (Tr. 26). The ALJ's opinion does not, however, explain "how he decided which of [Mr. Savoy's] statements to believe and which to discredit," as required by *Mascio*. 780 F.3d at 640. Moreover, the ALJ failed to consider any other of the factors relevant to the credibility analysis set forth in 20 C.F.R. §§ 404.1529(c) and 416.929. The absence of any analysis related to Mr. Savoy's specific complaints concerning his inability to perform work related activities, paired with the ALJ's failure to consider any factors other than Mr. Savoy's activities of daily living thus require remand.

For the reasons set forth herein, Mr. Savoy's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

*Andre Leo Savoy v. Commissioner, Social Security Administration*
Civil No. JMC-14-1272
September 4, 2015
Page 5

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                            Sincerely yours,

                            /s/

                          J. Mark Coulson
                          United States Magistrate Judge